ORDERED.

Dated: April 24, 2013



Eileen W. Hollowell, Bankruptcy Judge
_____

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 |
| JEFFREY ALBERT KOLB and HEIDI ELAINE KOLB, | Case No. 4:10-bk-21238-EWH |
| Debtors. | |
| JEFF ASHBURN and LINDA ASHBURN; SANDRA McBRIDE; JOY PHOENIX; BONNIE ALLEN; DOTTI OHLMAN; KIMBER INNECKEN, | Adv. Case No. 4:10-ap-02034-EWH |
| Plaintiffs, | **MEMORANDUM GRANTING MOTION FOR RECONSIDERATION** |
| v. | |
| JEFFREY ALBERT KOLB and HEIDI ELAINE KOLB, | |
| Defendants. | |

Debtors' Motion for Reconsideration is limited to one issue: Is Debtor Jeffrey Kolb an "innocent spouse" entitled to a discharge? Debtor asserts that because there is no evidence of any misrepresentations by Jeffrey Kolb, that he should not be denied his discharge. Creditors assert that because Jeffrey Kolb signed various notes, leases or

1

other agreement, and was a member of one or more LLCs through which Debtor Heidi Kolb ("Mrs. Kolb") operated her fitness clubs ("Fitness Clubs"), that he is not an innocent spouse.

Neither party's argument addresses the fact that the Court's determination of non-dischargeability had nothing to do with whether misrepresentations were made by either debtor, but was based exclusively on 11 U.S.C. § 727(a)(3) due to improper recordkeeping and the postpetition destruction of certain records.

The initial issue to be decided, therefore, is whether Jeffrey Kolb relied on his wife to keep books and records related to the Fitness Clubs and whether only Mrs. Kolb decided to "scrub" the business QuickBook Records from the computer turned over to Plaintiffs during discovery.

A number of courts have found that a spouse's lack of sophistication, subordinate role in business operations and reliance on the other spouse to maintain business records constitutes an acceptable excuse under § 727(a)(3) which entitles the "innocent spouse" to a discharge. See In re Tanglis, 344 B.R. 563, 571 (Bankr. N.D. Ill. 2006) which articulated the test, but held that the wife could not invoke the defense because of her failure to produce records regarding her incurring of credit card debt. See also In re MacPherson, 101 B.R. 324 (Bankr. M.D. Fla. 1989).

The record in this case demonstrates that Jeffrey Kolb did not keep the business records of the Fitness Clubs. The fact that he signed various agreements, even if he may have been involved in their preparation, does not demonstrate that he was responsible for the recordkeeping. Mrs. Kolb's testimony was that she decided to scrub the computer records. No evidence was presented that Jeffrey Kolb was involved in

2

promising to produce those records or in their later destruction.  In addition, this is not a case where Jeffrey Kolb profited from the operation of the health club business or where he incurred separate debt for which he maintained inadequate records.  The totality of all of the evidence submitted indicates that Jeffrey Kolb was an innocent spouse with respect to Plaintiffs' § 727(a)(3) claims.  Accordingly, the Motion for Reconsideration will be granted as to the denial of his discharge under § 727(a)(3).

Because Debtors were denied a discharge under § 727(a)(3), Plaintiffs' § 523(a)(2)(a), (4) and (6) claims were not addressed.  The Court now briefly addresses those claims as they relate solely to Jeffrey Kolb.  There are multiple Plaintiffs in this case, but almost all the evidence presented by them at trial related to representations made to them by Mrs. Kolb.  The evidence demonstrates that Jeffrey Kolb signed some promissory notes and a guarantee, but fails to demonstrate that, at the time he executed those documents, he made a representation he knew to be false with the intent to defraud any of the Plaintiffs.  The evidence regarding a promise made to one of the Plaintiffs by Mrs. Kolb that a truck Jeffrey Kolb owned would serve as collateral does not demonstrate that he made such a representation.  Therefore, Plaintiffs' § 523(a)(2) claims fail.

There was no fiduciary relationship between Jeffrey Kolb and the Plaintiffs, and no evidence was presented which demonstrated that Jeffrey Kolb embezzled Plaintiffs' money or committed larceny.  Therefore, Plaintiffs' § 523(a)(4) claims fail.

Finally, Plaintiffs did not present any evidence which satisfies the Ninth Circuit's test for demonstrating that Jeffrey Kolb willfully and maliciously injured Plaintiffs.  See In re Su, 209 F.3d 1140, 1145 (9th Cir. 2002) (willfulness prong of § 523(a)(6) is based on

3

a debtor's subjective intent to cause harm or subjective belief that harm is substantially certain).

Because the evidence presented at trial did not support any of Plaintiffs' § 523 claims against Jeffrey Kolb, he is entitled to a complete discharge. A separate order to that effect will be entered this date.

Dated and signed above.

Notice to be sent through
the Bankruptcy Noticing Center
to the following:

Dennis J. Clancy
Raven Clancy & McDonagh PC
182 North Court Avenue
Tucson, AZ  85701
Attorneys Plaintiffs

Eric Slocum Sparks
Eric Slocum Sparks PC
110 South Church Ave. #2270
Tucson, AZ  85701
Attorneys for Debtors/Defendants

4